## The Ovid Elevator Company v. The Secretary of State.

*Corporations—Amendment of articles—Extension of term of existence.*

1. A manufacturing company organized under Act No. 232, Laws of 1885, may extend the term of its corporate existence as fixed in its articles of association, for a term not exceeding the constitutional limit of 30 years, by amending its articles as provided in section 17 of the act.

2. The words "limitation of law," as used in section 33 of Act No. 232, Laws of 1885, which authorizes any corporation organized or existing under the provisions of the act, whose corporate existence is about to terminate by *limitation of law*, at an annual meeting, or a special meeting called for that purpose, and held within one year immediately preceding the date of such termination, by a vote of two-thirds of its capital stock, to direct the continuance of its corporate existence for such further term, not exceeding 30 years, as may be expressed in a resolution for that purpose, only apply to the constitutional limitation of 30 years.

*Mandamus.* Argued February 16, 1892. Granted February 17, and opinion filed March 4, 1892.

Relator applied for *mandamus* to compel the respondent to file a copy of a resolution extending the term of its corporate existence. The facts are stated in the opinion.

*Gray & Gray,* for relator.

*A. A. Ellis,* Attorney General, for the respondent.

PER CURIAM. The relator is a corporation organized under Act No. 232, Laws of 1885[1] (3 How. Stat. chap. 124). Its articles of association were filed January 14, 1889. By article 6, its corporate existence was filed for the term of three years. On the day that such corporate existence would have expired, January 14, 1892, the stockholders met and passed the following resolution by the unanimous vote and consent of all the stockholders:

"*Resolved,* that the articles of association of the Ovid Elevator Company be, and the same are hereby, amended with the consent and vote of all the stockholders, by changing the word 'three' to 'thirteen,' in article 6, so that the same shall read as follows:

"'ART. 6. The term of existence of this corporation is fixed at thirteen years from the date hereof.'

"*Resolved,* further, that the president and secretary are hereby instructed to file in the proper offices, as required by law, a copy of this resolution, duly signed and certified by them."

On the same day the proper certificate was filed and recorded in the office of the county clerk of Clinton county, as required by law. A duplicate certificate was on the same day presented to the Secretary of State, which he refused to file, upon the ground that the proceedings for the extension of the corporate existence

---

[1] An act for the organization of manufacturing companies.

should have been taken under section 33 of the act under which the relator was organized, and not under section 17, which simply provides for amendment of the corporate articles, and under which section the relator acted.

Section 17 reads as follows:

" Every corporation organized or existing under the provisions of this act may, at any annual meeting, or any meeting duly called for that purpose, by a resolution adopted by vote of two-thirds in interest of its capital stock, amend its articles of association in any manner not inconsistent with the provisions of this act; but such amendment shall not become operative until a copy of such resolution, signed by the president and secretary of the corporation, shall have been recorded as is provided herein for the recording of original articles of association, when such amendment shall have the same force and effect as though said amendments had been included in the original articles; and the record, or a copy of the record, of such resolution, certified as provided in section nine, shall be received in all courts of this State as *prima facie* evidence of the things therein stated."

Section 33 provides that—

" It shall be lawful for any corporation organized or existing under the provisions of this act, *whose corporate existence is about to terminate by limitation of law,* at its annual meeting next preceding, or at a special meeting called for that purpose, to be held within one year immediately preceding the date of such termination, by a vote of two-thirds of its capital stock, to direct the continuance of its corporate existence for such further term, not exceeding thirty years, as may be expressed in a resolution for that purpose. Upon the adoption of such resolution by the stockholders, it shall be the duty of the president and secretary to make, sign, and acknowledge articles of association, as in the case of a new corporation, to which shall be appended a copy of such resolution, verified by the oath of the secretary; which articles of association and copy of resolutions shall be recorded, certified, and returned as is provided herein in case of a new corporation, and the record, or a transcript of the record, certified by the Secretary of State of this State, under the seal thereof, shall be *prima facie* evidence

of the things therein contained. Upon the expiration of the time limited for the existence of such old corporation, a new corporation shall be deemed to be formed by such articles of association, which shall at once succeed to all the property and rights of action of the old corporation, and shall be liable for all of its debts or other obligations; and the officers of the old corporation shall succeed to like offices in the new corporation, and every stockholder in the old corporation shall be, to a like extent, a stockholder in the new corporation."

The contention in this case is upon the construction of the phrase in section 33, "whose corporate existence is about to terminate by limitation of law." The Secretary of State construes the words "limitation of law" to apply as well to the limitation expressed in the articles of association as to the limitation of the Constitution, which last limitation is 30 years. In our opinion, these words apply only to the statutory or constitutional limitations, and, within the 30-years limit of the Constitution, we fail to see why the term of corporate existence fixed by the articles of association cannot be amended under section 17 of the act, as well as any other provision of said articles.

The writ of *mandamus* will issue as prayed.